[No. 34337-8-I.   Division One.   June 19, 1995.]

*In re the Dependency of* M.R.

PETER ROGULJ, *Appellant*, v. THE DEPARTMENT OF
SOCIAL AND HEALTH SERVICES, *Respondent.*

*Michael J. Trickey* and *Appelwick, Trickey & Lukevich*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Stephen H. Hassett, Assistant*, for respondent.

AGID, J. — Peter Rogulj appeals the trial court's order dismissing him as a non-party in a dependency proceeding. He contends that the trial court erred in concluding that he does not have a statutory right to participate in the proceeding as a psychological father. We hold that a psychological parent does not fit within the definition of a "parent" under the statute governing dependency proceedings. However, because we cannot discern from the record if the trial court considered Rogulj's permissive intervention claim, we affirm the dismissal without prejudice to his bringing a motion for permissive intervention under CR 24(b).

## FACTS

This case concerns the custody of M.R. M.R. was born in the Philippines in 1989. At the time, her mother, N.R., was married to Peter Rogulj, who had remained in the United States. Rogulj was listed as M.R.'s father on her birth certificate. Shortly after M.R.'s birth, N.R. returned to the United States. In March 1993, she moved out of the family residence, leaving M.R., then four years old, with Rogulj. During this period, Rogulj obtained a default dissolution of his marriage and a parenting plan giving him custody of M.R.

M.R. started living with Flocerpina Icenogle, a friend of her parents, during the week because Rogulj could care for her only on the weekends. In May 1993, M.R. told Icenogle that Rogulj had sexually abused her. M.R. made several other disclosures in the following months. In July, Icenogle sought medical attention for M.R. after she complained of vaginal pain. M.R. was subsequently referred to Child Protective Services (CPS). In the ensuing investigation, M.R. made additional disclosures to a police

detective and a CPS social worker. On July 22, 1993, the Department of Social and Health Services (DSHS) filed a dependency petition.

M.R.'s mother resurfaced in October 1993. In interviews with the CPS social worker and M.R.'s guardian ad litem, she revealed that Rogulj was not M.R.'s biological or adoptive father. M.R.'s guardian ad litem moved for an order to compel blood tests of both parents. The results conclusively established that Rogulj is not M.R.'s biological father. DSHS moved to dismiss him as a party to the dependency proceeding. The trial court granted the motion and he appeals.

## DISCUSSION

### A. Statutory Right To Participate

Rogulj contends that he had a right to participate in the dependency proceedings as M.R.'s psychological parent under Chapter 13.34, the statute governing dependency proceedings. For the purposes of that chapter, "parents" are "the biological or adoptive parents of a child unless the legal rights of that person have been terminated by judicial proceedings." *See* RCW 13.04.011(4). RCW 13.34.030(4)(c) defines a "dependent child" as a child "[w]ho has no parent, guardian, or custodian[1] capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." Because the parenting plan giving Rogulj custody is no longer in effect, he is not M.R.'s custodian as defined by the statute. Nor does he argue that he is her legal guardian. His argument, therefore, rests entirely on his contention that the definition of a "parent" under RCW 13.34.030(4)(c) includes psychological parents.

We disagree with Rogulj's reading of RCW 13.04.011(4) and RCW 13.34.030(4)(c) because the plain

[1] A "custodian" is "that person who has the legal right to custody of the child." RCW 13.04.011(5).

language of the statutes does not support it. RCW 13.34.030(4)(c) defines a dependent child as a child who has no parent, guardian or custodian capable of caring for her. RCW 13.04.011(4) defines a parent as the biological or adoptive parent of a child. Because Rogulj is neither to M.R., he has no statutory right to participate in the dependency proceedings.[2]

Rogulj contends that RCW 13.34.020 supports his contention that the statutory definition of "parent" encompasses a psychological parent. RCW 13.34.020 contains the legislative declaration for RCW 13.34. It recites that "the legislature declares that the family unit should remain intact unless a child's right to conditions of basic nurture, health, or safety is jeopardized." Rogulj argues that the "family unit" language indicates an intent to preserve the relationship between a parent and a child regardless of its nature. He has not demonstrated, however, why this passage should override the plain language of RCW 13.04.011(4). Accordingly, we reject his argument and conclude that a nonparent is not a proper party to a dependency proceeding under RCW 13.34. The court properly dismissed Rogulj on this basis.

## B. Intervention Under CR 24

Rogulj also argues that the trial court should have granted his motion to intervene under CR 24.[3] Under CR 24(a), a party is permitted to intervene in an action as a matter of right where (1) a statute confers an unconditional right to intervene or (2) the party claims an interest in the subject of the action and its disposition may impair his or her ability to protect that interest. Rogulj

---

[2] We are aware that this court has recognized the concept of psychological parenthood in other contexts. For example, in *In re Stell*, 56 Wn. App. 356, 783 P.2d 615 (1989), we discussed psychological parenthood in determining the appropriate standard by which to determine a nonparent's petition for custody of a child under RCW 26.10. Unlike the statute at issue here, however, RCW 26.10 specifically permits a nonparent to petition for the custody of children.

[3] *See In re J.H.*, 117 Wn.2d 460, 815 P.2d 1380 (1991) (CR 24 motions to intervene apply in juvenile court dependency actions).

clearly cannot intervene as a matter of right under CR 24(a) because, as discussed *supra*, RCW 13.04.011 and RCW 13.34.030 do not grant him this right.[4] In addition, he would be able to protect his interests even if not allowed to intervene in the dependency proceeding because he can initiate a nonparent custody proceeding under RCW 26.10.[5] CR 24(a), therefore, is inapplicable here.

■ The issue, then, is whether a trial court may grant permissive intervention in a dependency proceeding under CR 24(b) to a person claiming to be a child's psychological parent. CR 24(b)(2) permits intervention where a statute confers a conditional right or "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." There is no statute granting a psychological parent a conditional right to intervene in a dependency proceeding. Thus, permissive intervention is proper only if the psychological parent's claim has a question of law or fact in common with those to be resolved in a dependency proceeding.

In *In re J.H.*, 117 Wn.2d 460, 815 P.2d 1380 (1991), the Supreme Court considered an issue similar to the one here. There, foster parents sought to intervene in a dependency proceeding, contending that they were the psychological parents of the foster children and that they had a recognizable legal interest in maintaining a family relationship with the children. The court held that foster parents may be permitted to intervene in some circumstances and that granting intervention under CR 24(b) is within the trial court's discretion. Thus, a court may allow a person who has no statutory right to do so, to intervene in a dependency proceeding. As in all child welfare proceedings, the

[4]*Cf. J.H.*, 117 Wn.2d at 470 (foster parents have no right to intervene under CR 24(a)(2) because "Washington statutes do not establish an interest sufficient to support the foster parents' intervention as a matter of right").

[5]Although the court dismissed Rogulj from the dependency proceeding, it retained concurrent jurisdiction over the dependency hearing, the pending dissolution and any custody proceeding Rogulj may initiate under RCW 26.10. Thus, nothing in the court's order precludes him from petitioning for custody of M.R. as a nonparent under that statute.

trial court's discretion should be exercised to promote the best interests of the child. *See* RCW 13.34.020; *see also In re J.B.S.*, 123 Wn.2d 1, 8-9, 863 P.2d 1344 (1993).

It is not clear from the record whether the court ruled on Rogulj's CR 24 claim. He devoted just one sentence to this argument in his pleadings below, and the rule is not mentioned in the court's order. Thus, we accept DSHS' contention that the court did not consider or rule on the CR 24 claim. Because this issue was not decided, we are affirming without prejudice to allow Rogulj to bring a motion to intervene under CR 24(b).

## C. Due Process and Equal Protection

Rogulj argues that if RCW 13.34.030(4)(c) excludes psychological parents from participating in dependency proceedings, it deprives him of due process and equal protection. We decline to address these arguments because they rest on the conclusion that Rogulj is, in fact, M.R.'s psychological father. The trial court did not make a finding on this issue[6] and we, therefore, cannot reach the merits of these claims. In other words, because there has been no finding that Rogulj is M.R.'s psychological father, he cannot establish that, as her psychological father, he has a protected liberty interest in having custody of her. *See In re J.H.*, 117 Wn.2d at 472-73. Similarly, because he cannot show that, as her psychological father, he is being treated differently from those who are similarly situated, he cannot establish an equal protection claim. *See State v. Smith*, 117 Wn.2d 263, 814 P.2d 652 (1991). Whether Rogulj is M.R.'s psychological parent is an issue to be decided by the trial court in the first instance.

## D. No Contact Order

Finally, Rogulj argues that the trial court erred in prohibiting him, as part of its dismissal order, from hav-

---

[6]In opposing the State's motion, Rogulj submitted Dr. Jon Conte's evaluation of M.R. indicating that Rogulj was M.R.'s psychological parent. The trial court, however, made no finding on this issue.

ing any contact with M.R. He contends that once the court dismissed him from the dependency proceeding, it no longer retained jurisdiction over him. Therefore, he asserts, the court lacked jurisdiction to issue the no contact order. We reject his argument. Although the court dismissed Rogulj as a party to the dependency proceeding, it specifically retained jurisdiction over the pending dissolution action and any action under RCW 26.10 he may initiate. In exercising its jurisdiction to enter temporary orders in the dissolution, the court clearly had authority to issue the order. *See* RCW 26.09.060.

The order is affirmed.

BAKER, C.J., and PEKELIS, J. Pro Tem., concur.